IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| AERITAS, LLC, <br><br>             Plaintiff, <br><br>    v. <br><br> WALMART INC., <br><br>             Defendant. | Case No.  6:18-cv-00449-RWS-JDL <br><br> **JURY TRIAL DEMANDED** |

### WALMART INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Walmart Inc. ("Walmart") by and through its counsel, hereby files its Answer to Plaintiff Aeritas, LLC's ("Aeritas" or "Plaintiff") Complaint for Patent Infringement, filed on March 8, 2018.

### NATURE OF THE ACTION

1. Walmart admits that this action purportedly arises under 35 U.S.C. § 1 *et seq.*, but denies that it has committed any acts of infringement as alleged.

### PARTIES

2. Walmart is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, and therefore denies the same.

3. Walmart admits that it is incorporated in Delaware, that it has a principal place of business in Bentonville, Arkansas, and that it can be served through its registered agent, The Corporation Trust Company.

### JURISDICTION AND VENUE

4. Walmart admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C.

§§ 1331 and 1338(a).

5. Walmart admits that it is subject to personal jurisdiction in this District for this matter. Walmart denies that it has committed any act of infringement and denies all remaining allegations of Paragraph 5 of the Complaint.

6. Walmart denies that venue is proper in this case in the Eastern District of Texas. Based on *TC Heartland* and its progeny, and 28 U.S.C. §1391 and 1400. Venue is not proper, including but not limited to, because the alleged acts of infringement have no connection or nexus to Walmart's established place of business. Walmart denies all remaining allegations of Paragraph 6 of the Complaint, and denies that this venue is convenient.

## PATENTS-IN-SUIT

7. Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies them.

8. Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore denies them.

9. Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore denies them.

10. Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies them.

11. Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies them.

## FACTUAL BACKGROUND

12. Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies them.

13. Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies them.

### FIRST CLAIM FOR RELIEF
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,055,285)

14. Walmart incorporates by reference its responses to Paragraphs 1 through 13 of the Complaint as though fully set forth herein.

15. Walmart denies the allegations in Paragraph 15 of the Complaint.

16. Walmart denies the allegations in Paragraph 16 of the Complaint.

17. Walmart denies the allegations in Paragraph 17 of the Complaint.

### SECOND CLAIM FOR RELIEF
### (INFRINGEMENT OF UNITED STATES PATENT NO. 9,390,435)

18. Walmart incorporates by reference its responses to Paragraphs 1 through 17 of the Complaint as though fully set forth herein.

19. Walmart denies the allegations in Paragraph 19 of the Complaint.

20. Walmart denies the allegations in Paragraph 20 of the Complaint.

21. Walmart denies the allegations in Paragraph 21 of the Complaint.

### THIRD CLAIM FOR RELIEF
### (INFRINGEMENT OF UNITED STATES PATENT NO. 9,888,107)

22. Walmart incorporates by reference its responses to Paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23. Walmart denies the allegations in Paragraph 23 of the Complaint.

24. Walmart denies the allegations in Paragraph 24 of the Complaint.

25. Walmart denies the allegations in Paragraph 25 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### (INFRINGEMENT OF UNITED STATES PATENT NO. 7,706,819)

26. Walmart incorporates by reference its responses to Paragraphs 1 through 25 of the Complaint as though fully set forth herein.

27. Walmart denies the allegations in Paragraph 27 of the Complaint.

28. Walmart denies the allegations in Paragraph 28 of the Complaint.

29. Walmart denies the allegations in Paragraph 29 of the Complaint.

### RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Walmart denies that Plaintiff is entitled to the judgment and the relief requested in the Complaint. Plaintiff's prayer for relief should be denied in its entirety, and Plaintiff should take nothing.

### GENERAL DENIAL

Except as explicitly admitted herein, Walmart denies each and every allegation contained in the Complaint.

### AFFIRMATIVE DEFENSES

Incorporating by reference the foregoing paragraphs in their entirety and without assuming any burden it would not otherwise bear, Walmart asserts the following affirmative defenses. Nothing in these defenses is intended to or shall be construed as an argument or admission that Defendant bears the burden of proof as to any matter raised in any of its defenses. Defendant reserves the right to assert additional defenses and to amend its Answer to the Complaint as additional information becomes available.

**First Affirmative Defense**
(Failure to State a Claim)

1. Aeritas fails to state a claim upon which relief can be granted. Aeritas fails to plead facts sufficient to show that it had and has the exclusive right to sue and recover damages for

infringement of the Patents-in-Suit during all relevant time periods. Aeritas fails to plead facts sufficient to show this is an exceptional case to warrant attorney's fees and costs in prosecuting this action.

**Second Affirmative Defense**
(Non-Infringement)

2. Defendant does not infringe and has not infringed any valid and enforceable claim of the '285, '435, '107, and '819 Patents, either directly, jointly, literally, under the doctrine of equivalents, willfully, or otherwise.

**Third Affirmative Defense**
(Invalidity)

3. The '285, '435, '107, and '819 patents, including all of their claims, are invalid for failure to comply with one or more of the requirements specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 111, 112, and/or 116.

**Fourth Affirmative Defense**
(Prosecution History Estoppel)

4. Based on the proceedings before the United States Patent and Trademark Office ("PTO") during the prosecution of the applications that ultimately issued as the '285, '435, '107, and '819 Patents, Aeritas is precluded or otherwise estopped from asserting any construction of the claims of the '285, '435, '107, and '819 Patents that is inconsistent with its or any predecessor-in-interest's representations before the PTO, including any amendment, cancellation, abandonment of claims, admissions, or other statements made in and to the PTO.

**Fifth Affirmative Defense**
(Limitation on Damages)

5. Pursuant to 35 U.S.C. § 286, Aeritas may not recover money damages for any alleged infringement occurring more than six years prior to the filing of the case. Also, because

Aeritas (and its predecessors in interest) failed to comply with the notice provisions of 35 U.S.C. § 287, Aeritas may not recover damages for any alleged infringement occurring prior to filing of this case.

### Sixth Affirmative Defense
(Express or Implied License and/or Patent Exhaustion)

6.   Aeritas is barred from asserting claims for patent infringement against Defendant because its claims for patent infringement against Defendant is precluded to the extent that any allegedly infringing products are supplied, directly or indirectly to Defendant by an entity or entities having an express or implied license to the patent-in-suit, and/or Aeritas' claims are precluded under the doctrine of patent exhaustion.

### Seventh Affirmative Defense
(No Costs)

7.   Aeritas's recovery of costs is barred by 35 U.S.C. § 288.

### Eighth Affirmative Defense
(Equitable defenses)

8.   Aeritas' claims are barred or limited by waiver, estoppel, implied license, laches, unclean hands, and/or acquiescence.

### Ninth Affirmative Defense
(Venue)

9.   Venue in this District is neither convenient nor proper.

### **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant Walmart Inc. prays for judgment as follows:

1.   A judgment that Walmart does not infringe and has not infringed any valid and enforceable claim of the Patents-in-Suit;

2. A judgment that the Patents-in-Suit are invalid and/or unenforceable;

3. A judgment against Aeritas in favor of Walmart and a dismissal with prejudice of the Complaint against Walmart;

4. A denial of any and all relief sought by Aeritas;

5. A judgment that this is an exceptional case under 35 U.S.C. § 285 and a judgment awarding Walmart its costs and reasonable attorneys' fees; and,

6. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Defendant Walmart Inc. requests a trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38.

Dated:   November 29, 2018

Respectfully submitted,

By: /s/ *Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 North College Avenue
Suite 900
Tyler, Texas 75702
903-534-1100
903-534-1137 – fax
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Attorneys for Defendant
WALMART INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on November 29, 2018, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Eric H. Findlay*
Eric H. Findlay